■ In the Matter of SAMUEL Y. and Another, Alleged to be Neglected Children. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELINDA Y., Appellant. [703 NYS2d 591] —Graffeo, J. Appeal from an order of the Family Court of Otsego County (Scarzafava, J.), entered June 15, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

This case emanates from a January 1998 incident in which respondent struck her 10-month-old son on the side of the face after becoming frustrated with his crying. Respondent thereafter contacted her mother who took the child to her residence and then to the hospital after respondent admitted to hitting her child. The child was examined and released.

A complaint was filed with the State Registry For Child Abuse and Maltreatment, resulting in an investigation during which respondent provided a statement to the State Police admitting that she struck her child in the face. A temporary order of protection prohibiting respondent from unsupervised contact with both of her children was issued by Family Court and the children temporarily remained with their maternal grandmother. Petitioner then commenced a proceeding pursuant to Family Court Act article 10, alleging that the two children were neglected by respondent.

At the conclusion of a fact-finding hearing, Family Court granted the petition and adjudicated the children neglected based upon the finding that respondent used excessive corporal punishment. At the dispositional hearing, the parties agreed to place respondent under petitioner's supervision for an initial period of one year and the children were permitted to return to respondent's custody. Respondent was also required to cooper-

ate with all parental services recommended by petitioner. Respondent now appeals.

A neglected child is "one whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [respondent] * * * to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]). Here, the record evidence reveals that respondent became frustrated and struck her infant son in the face and the medical diagnosis of the infant's injury was "facial contusion". Photographs demonstrating that the bruising remained noticeable several days after the incident were introduced. In light of the nature of the injury, tender age of the child and circumstances surrounding the incident, we conclude that a preponderance of the evidence (see, Matter of Tanya T., 252 AD2d 677, 678, lv denied 92 NY2d 812) supports Family Court's finding of neglect, notwithstanding the fact that the record identifies only a single occurrence of physical abuse (see, Matter of Shawn BB., 239 AD2d 678, 680; Matter of Jeffrey D., 233 AD2d 668, 669-670).

With respect to the finding of derivative neglect pertaining to the two-year-old child, "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child" (Family Ct Act § 1046 [a] [i]). Although a finding of neglect regarding one child may be derivatively based on a determination of neglect of another child (see, Matter of Chad V., 265 AD2d 607, lv denied 94 NY2d 757), a finding of neglect on this basis is not mandated (see, Matter of Daniella HH., 236 AD2d 715; Matter of Rachel G., 185 AD2d 382). Here, no evidence was presented regarding respondent's conduct toward her older child and the adjudication of neglect involving the infant was based solely on one incident involving that child. Although not condoning respondent's clearly inappropriate behavior, the particular evidence presented at the hearing in this case was insufficient to prove that respondent manifested "such an impaired level of parental judgment as to create a substantial risk of harm for any child in respondent's care" (Matter of Daniella HH., supra, at 716). Therefore, the petition as to Samuel Y. is dismissed.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as adjudicated Samuel Y. a neglected child; petition dismissed regarding said child; and, as so modified, affirmed.