■ In the Matter of AMANDA E. and Another, Children Alleged to be Abused and/or Neglected. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; DEBBIE F., Respondent. (And Another Related Proceeding.) [719 NYS2d 763] —Crew III, J. Appeal from an order of the Family Court of Tioga County (Argetsinger, J.), entered May 26, 2000, which dismissed petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to adjudicate respondents' children to be abused and/or neglected.

In March 2000, separate petitions were filed against respondents alleging that their children, Amanda (born in 1983) and Candi (born in 1986), had been abused and/or neglected. The petitions stemmed from an incident wherein respondent David E. (hereinafter the father) allegedly struck Amanda, then 16½ years old, and respondent Debbie F. (hereinafter the mother) purportedly failed to intervene. The respective petitions further alleged that Candi had been derivatively neglected as a result of this incident.

A combined hearing ensued in May 2000, during the course of which the father candidly admitted that he slapped Amanda across the face with an open hand during the course of an argument. Specifically, the father testified that when he confronted Amanda regarding a poor report from school and her recent conviction for assault, she became verbally abusive, at which point he pushed Amanda down on her bed. According to the father,* Amanda then became physically abusive and he, in turn, slapped her across the face. As a result of this incident, which the father testified lasted a matter of seconds, Amanda sustained a blackened right eye. Several witnesses testified, including Candi and the father's stepdaughter, that the father never had struck any of the children prior to this incident, and the father acknowledged that his behavior on this occasion was entirely inappropriate.

At the conclusion of the hearing, Family Court found insufficient evidence to sustain a finding of abuse and reserved decision as to the issue of neglect. Ultimately, Family Court concluded that the father's conduct, although inappropriate, did not constitute neglect under the particular circumstances of this case. Family Court dismissed the underlying petitions, and this appeal by petitioner ensued.

We affirm. While it is true, as petitioner urges, that a single incident may be sufficient to sustain a finding of neglect (see, e.g., Matter of Victoria CC., 256 AD2d 931, 932), we agree with Family Court that such a finding is not mandated here. To be sure, the father's conduct in striking his child is not condoned by this Court. However, this case does not involve a child of tender years (compare, Matter of Samuel Y., 270 AD2d 531 [10-month-old child struck on side of face by his mother]), nor does it involve parents who routinely use corporal punishment as a means of disciplining their children (compare, Matter of Shawn BB., 239 AD2d 678 [children's caretakers admittedly refused to consider alternative disciplinary measures]). Rather, we are

---

* Amanda did not testify at the hearing.

confronted with a teenager who, in the course of verbal-turned-physical altercation with her father, sustained an injury (*see, Matter of Luke M.*, 193 AD2d 446). Given Amanda's age, the circumstances under which the altercation occurred and the isolated nature of the father's admittedly inappropriate conduct, we cannot say that Family Court erred in dismissing the subject petitions. Accordingly, Family Court's order is affirmed.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.