■ In the Matter of REANNIE D., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DANIEL A., Appellant. [770 NYS2d 399]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Kings County (Lim, J.), dated December 4, 2001, as was entered upon so much of a fact-finding order of the same court dated July 10, 2001, made after a hearing, as found that he had abused the subject child.

Ordered that the order of disposition is modified, on the law, by adding a provision thereto dismissing so much of the petition as alleged that the appellant had abused the subject child; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements, and the fact-finding order is modified accordingly.

The petition filed by the Administration for Children's Services (hereinafter ACS) in this case alleged the appellant father bit the subject child on both sides of her face and on her left arm leaving severe bruising and placed her in scalding water, causing her to sustain first- and second-degree burns on her buttocks and left leg. At the fact-finding hearing, an ACS caseworker testified that when he visited the child at the hospital she had a red circular mark on each cheek, and redness on the back of her legs and her buttocks, with peeling skin. According to the caseworker, the father told him that the child was accidentally burned when he attempted to bathe her in the sink, and that he must have left the marks on her face when he bit her cheeks while playing with her. The hospital records introduced into evidence by ACS noted that the child sustained first- and second-degree burns to her buttocks and left leg, but made no mention of red marks on the child's face.

The Family Court found that the father's conduct of failing to carefully test the temperature of the water before placing the child in the bath constituted neglect. The father has not raised any issue with respect to that finding on appeal. However, the father does appeal from the court's finding that he abused the child by intentionally biting her face in order to quiet her down after the bath incident. The Law Guardian also contends that the father is entitled to reversal of the abuse finding.

While the Family Court's determination is entitled to great deference (see Matter of Commissioner of Admin. for Children's Servs. of City of N.Y. [Marcel A.], 254 AD2d 416 [1998]), the evidence adduced in this case did not support a finding that the father abused the child within the meaning of Family Court Act § 1012 (e). First, there was no evidence that the father inflicted physical injury upon the child by other than accidental means. The Family Court's determination that the father bit her in order to quiet her down after the bath was based on sheer speculation. Second, there was no indication that the marks on the child's cheeks required any medical attention. Thus, it cannot be said that the father inflicted physical injury upon the child which created a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or impairment of the function of any bodily organ or that the father sufficiently endangered her by creating a substantial risk of serious injury (see Family Ct Act § 1012 [e] [i], [iii]; Matter of Johannah QQ., 266 AD2d 769 [1999]). Accordingly, the Family Court's finding of abuse against the father was erroneous.

Moreover, contrary to the assertion of ACS, an additional finding of neglect was not justified, as there is no evidence that the child's physical, mental, or emotional condition was impaired or in imminent danger of becoming impaired as a result of the bite marks (see Family Ct Act § 1012 [f] [i]). Florio, J.P., Friedmann and Luciano, JJ., concur.

S. Miller, J., dissents and votes to affirm the order appealed from, with the following memorandum: I disagree with the conclusion of my colleagues that the evidence was insufficient to establish that the father abused his infant daughter. The finding of neglect, which the father does not challenge, was based upon the father's placement of his three-month-old daughter in a tub of scalding water. When the child was brought to the hospital for her burns the next day, red, round marks were observed on each of her facial cheeks. When interviewed by police, the father claimed that he accidentally placed his daughter in bath water that was too hot. He admitted that he bit his daugh-

ter but he claimed that he must have done so inadvertently, as he was playing with her *after* her bath.

The father thus argues, and the majority agrees, that the evidence of abuse was insufficient. The record evidence, however, is that the first- and second-degree burns caused the skin to peel off of both of the child's buttocks. The very notion that a three-month-old infant with severe burns was bitten while *playing* with her father defies belief. By the father's admission, the bites made the child cry.

"A child need not sustain a serious injury in order to justify a finding that he [or she] has been abused" (*Matter of Joseph H.,* 191 AD2d 634 [1993]). Here, the credible evidence established that the father's conduct created a substantial risk of protracted impairment of the child's physical and or emotional health (*see* Family Ct Act § 1012 [e] [ii]). Under these circumstances, I agree that the Family Court had an adequate basis to make a finding of abuse based upon the reasonable inferences to be derived from the evidence. I would thus affirm the dispositional order in toto.

At a minimum, the father's biting constituted neglect (*see Matter of Daniel R., Jr.,* 241 AD2d 956 [1997]; *Matter of Commissioner of Social Servs. of City of N.Y. [Alex K.] v Ligia K.,* 207 AD2d 488 [1994]).