■ In the Matter of CHRISTIAN O. and Another, Children Alleged to be Neglected. JUAN O., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [856 NYS2d 612]—

Order of disposition, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about September 15, 2006, which, upon a fact-finding determination that respondent father neglected Christian O., and derivatively neglected Juan O., released the children to non-respondent mother with supervision by petitioner Administration for Children's Services for a period of 12 months, unanimously reversed, on the law and the facts, without costs, insofar as it brings up for review the fact-finding determination, the findings of neglect and derivative neglect vacated, the petitions dismissed, and the appeal otherwise dismissed.

Appellant father does not challenge the dispositional order insofar as it released the children to their mother.

The record shows that when 11-year-old Christian arrived home significantly past his curfew without explanation, respondent lost his temper and kicked the mattress upon which Christian was lying. As he did so, Christian lifted his legs, and respondent kicked him once in the ankle. Medical treatment was not required, and there is no evidence to dispute the testimony that respondent, who expressed remorse for his actions and maintained that the kick to Christian's ankle was accidental, had not previously used corporal punishment when disciplining his children. Under these circumstances, we conclude that there is insufficient evidence that Christian suffered the requisite physical, mental or emotional impairment to support a finding

of neglect (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Luke M.*, 193 AD2d 446 [1993]). This appears to have been an isolated incident, and "[w]hile losing one's temper does not excuse striking and injuring one's child, one such event does not necessarily establish . . . neglect" (*Matter of P. Children*, 272 AD2d 211, 212 [2000], *lv denied* 95 NY2d 770 [2000]). Furthermore, since the finding of neglect is vacated, the finding of derivative neglect is also vacated. Concur—Lippman, P.J., Gonzalez, Moskowitz and Acosta, JJ.