██ In the Matter of JELANI B., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; MARLON B., Respondent. ALLAN D. SHAFTER, Nonparty Appellant. (Proceeding No. 1.) In the Matter of CHANIKA B., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; MARLON B., Respondent. ALLAN D. SHAFTER, Nonparty Appellant. (Proceeding No. 2.) [865 NYS2d 114]—

In two related child protective proceedings pursuant to Family Court Act article 10, Allan D. Shafter, the attorney for the children, appeals from so much of an order of the Family Court, Queens County (Tally, J.), dated December 18, 2007, as, after a hearing, dismissed so much of the petition in proceeding No. 2 as alleged that the child Chanika B. was an abused child and dismissed the petition in proceeding No. 1 alleging that the child Jelani B. was derivatively abused or neglected.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

With regard to the allegation of sexual abuse, the petitioner submitted evidence to the effect that, on an unspecified date, the subject children and the respondent father were lying on a bed together watching television, and the child Chanika B. fell asleep. She awoke some time thereafter to find the father's hand on her buttocks. She testified at the fact-finding hearing that the father placed his hand on her buttocks underneath her clothing, although evidence in the record indicated that she had earlier reported that the father touched her on top of her clothing. On at least one occasion, she denied that the incident had

occurred. It is undisputed that this was an isolated occurrence, and that no similar incident had occurred previously or since, as of the time of the fact-finding hearing.

Family Court Act § 1012 defines an abused child, in pertinent part, as "a child less than eighteen years of age whose parent or other person legally responsible for his care . . . commits, or allows to be committed an offense against such child defined in article one hundred thirty of the penal law" (Family Ct Act § 1012 [e] [iii]). Under Penal Law § 130.00, sexual contact is defined as "any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing" (Penal Law § 130.00 [3]).

Under the particular facts of this case, the petitioner failed to establish by a preponderance of the evidence that Chanika B. was sexually abused by the father (*see* Family Ct Act § 1046 [b] [i]). The element of intent to obtain sexual gratification (*see* Penal Law § 130.00 [3]), the only element in dispute here, may be inferred from the totality of the circumstances (*see Matter of Raymond M.*, 13 AD3d 377, 378 [2004]; *see also Matter of Kryzstof K.*, 283 AD2d 431, 432 [2001]). Here, contrary to the petitioner's contention, the Family Court properly declined to make such an inference (*cf. Matter of A.G.*, 253 AD2d 318, 325-326 [1999]; *compare Matter of Kenny O.*, 276 AD2d 271, 272 [2000]; *Matter of Xheenan N.*, 273 AD2d 50 [2000]).

The Family Court also properly dismissed the petition alleging that the child Jelani B. was derivatively abused or neglected. "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of . . . the respondent" (Family Ct Act § 1046 [a] [i]). " 'Even in the absence of direct evidence of actual abuse or neglect of a second child, a derivative finding of neglect should be made where the evidence as to the directly abused or neglected child demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in their care, thereby making such a child neglected under Family Court Act § 1012 (f) (i) (B)' " (*Matter of Ramsay M.*, 17 AD3d 678, 679 [2005], quoting *Matter of Brittney C.*, 242 AD2d 533, 534 [1997]). "The focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood" (*Matter of Dutchess County Dept. of Social Servs. v Douglas E.*, 191 AD2d 694, 694

[1993]; *see Matter of Andrew B.-L.*, 43 AD3d 1046, 1047 [2007]; *Matter of Diamond K.*, 31 AD3d 553, 554 [2006]; *Matter of Maithsa Edourd S.*, 27 AD3d 475, 476 [2006]; *Matter of Jasmine A.*, 18 AD3d 546, 549 [2005]). "Although Family Court Act § 1046 (a) (i) allows evidence of abuse or neglect of one sibling to be considered in determining whether other children in the household were abused or neglected, the statute does not mandate a finding of derivative neglect" (*Matter of Shawndel M.*, 33 AD3d 1006, 1007 [2006] [citations omitted]).

Absent a finding that Chanika B. was sexually abused, there was no basis in the record for a finding that Jelani B. was derivatively abused or neglected based on the incident the petitioner alleged to constitute sexual abuse. Additionally, under the particular facts of this case, the circumstances giving rise to the Family Court's determination that Chanika B. was a neglected child, a single, isolated incident wherein the father struck Chanika B. once on the nose with his open hand, did not demonstrate such an impaired level of parental judgment as to create a substantial risk of harm for Jelani B. and make him a neglected child under Family Court Act § 1012 (f) (i) (B) (*see generally Matter of Ramsay M.*, 17 AD3d 678 [2005]; *Matter of Dutchess County Dept. of Social Servs. [Noreen K.]*, 242 AD2d 533, 534 [1997]). Accordingly, the Family Court properly dismissed the petition alleging that Jelani B. was derivatively abused or neglected. Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.