■ In the Matter of CHANIKA B., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. MARLON V.B., Appellant. [874 NYS2d 251]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Queens County (Tally, J.), dated June 4, 2008, which, upon a fact-finding order of the same court dated December 18, 2007, made after a hearing, finding that he had neglected the subject child, and after a dispositional hearing, inter alia, placed the child in the custody of the Commissioner of Social Services of Queens County. The appeal brings up for review the fact-finding order dated December 18, 2007.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is modified accordingly, the petition is denied, and the proceeding is dismissed.

A "neglected child" is defined as one whose "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise

a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment" (Family Ct Act § 1012 [f] [i] [B]).

As the father correctly contends, the Family Court's finding of neglect was not supported by a preponderance of the evidence. The evidence presented at the fact-finding hearing established that the father slapped the child in the face, causing her nose to bleed, because she had disobeyed him. The child testified that her father never hit her at any other time and never hit her brother. While a single incident may suffice to sustain a finding of neglect (*see Matter of Sheneika V.,* 20 AD3d 541 [2005]), the record here does not support such a finding (*see Matter of Reannie D.,* 2 AD3d 851 [2003]; *Matter of Suffolk County Dept. of Social Servs. v Diane J.,* 222 AD2d 439 [1995]; *Matter of Rodney C.,* 91 Misc 2d 677, 679 [1977]; *cf. Matter of Joseph O.,* 28 AD3d 562 [2006]; *Matter of Jason T.,* 2 AD3d 738, 739 [2003]). Accordingly, the Family Court should have denied the petition and dismissed the proceeding. Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur.