▇ In the Matter of COREY MC., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TANYA MC., Appellant. (Proceeding No. 1.) In the Matter of TYLER MC., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TANYA MC., Appellant. (Proceeding No. 2.) [889 NYS2d 647]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Richardson-Mendelson, J.), dated September 18, 2008, which, upon a fact-finding order of the same court dated June 4, 2007, made after a hearing, finding that she had neglected the child Corey Mc., and derivatively neglected the child Tyler Mc., placed the children in the custody of the Commissioner of Social Services of Queens County until the completion of the next permanency hearing. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, the petition is denied, and the proceeding is dismissed.

The finding of neglect in this case is based on a single physical confrontation between the mother and her adolescent son,

Corey Mc. (hereinafter the son), who at that time was 15 years old and 5 feet 10 inches tall. The evidence in the record established that the mother and the son had a troubled relationship. In this particular incident, the mother confronted the son over what she believed to be a specific instance of inconsiderate behavior, after which she left his room and closed the door. The son came out of his room and directed a stream of profanity-laced invective at the mother, who attempted several times to withdraw from the confrontation. When the son continued his verbal abuse, the mother either punched or slapped him in the face. The incident escalated further, and the son knocked his mother down and continued to curse at her; she got up and hit him on the face with the heel of her shoe, bloodying his nose. The mother then immediately called the police to seek medical attention for the son. The Family Court found that the mother had neglected the son by hitting him with her shoe, and derivatively neglected her then 12-year-old daughter, Tyler Mc., and the Family Court placed the children in the custody of the Commissioner of Social Services of Queens County. The mother contends that the Family Court's finding of neglect with respect to the son was not supported by a preponderance of the evidence as required by Family Court Act § 1046 (b) (i). The attorney for the children, who opposed the finding of neglect in the Family Court, agrees with the mother's position, and so do we.

A "neglected child" is defined as one whose "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). Although a single incident may sometimes suffice to sustain a finding of neglect (see Matter of Rachel H., 60 AD3d 1060, 1061 [2009]; Matter of Aaliyah Q., 55 AD3d 969, 970 [2008]; Matter of Samuel Y., 270 AD2d 531, 532 [2000]), the record does not support such a finding here. Given the age and size of the son, the provocation, and the dynamics of the incident, the mother's acts, which, as she readily acknowledged, were not an appropriate response to her son's conduct, did not constitute neglect (see Matter of Chanika B., 60 AD3d 671, 672 [2009]; Matter of John O., 42 AD3d 687, 687-688 [2007]; Matter of Anthony PP., 291 AD2d 687, 688 [2002]; Matter of Amanda E., 279 AD2d 917, 918-919 [2001]; Matter of Luke M., 193 AD3d 446, 446-447 [1993]). Necessarily, then, the Family Court's further finding that the child Tyler

Mc., who witnessed the incident, was derivatively neglected, likewise was not supported by a preponderance of the evidence.

Accordingly, the petition must be denied and the proceeding dismissed. Rivera, J.P., Fisher, Belen and Austin, JJ., concur.