■ In the Matter of ALEXANDER J.S., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES,

Respondent; DAVID S., Appellant. (Proceeding No. 1.) In the Matter of JULIET C.S., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID S., Appellant. (Proceeding No. 2.) [899 NYS2d 281]—

In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from a fact-finding order of the Family Court, Suffolk County (Whelan, J.), dated August 18, 2009, which, after a hearing, found that he neglected Juliet S. and derivatively neglected Alexander S.

Ordered that the fact-finding order is reversed, on the law, without costs or disbursements, the petitions are denied, and the proceedings are dismissed.

Parents possess a right to use reasonable physical force to discipline their children (*see Matter of Isaiah S.*, 63 AD3d 948, 949 [2009]; *see also* Penal Law § 35.10 [1]). However, a parent's use of excessive corporal punishment constitutes neglect (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Isaiah S.*, 63 AD3d at 949). A finding of neglect must be supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Isaiah S.*, 63 AD3d at 949; *Matter of Derek J.*, 56 AD3d 558, 558-559 [2008]; *Matter of Erich J.*, 22 AD3d 849, 850 [2005]).

Here, the evidence presented at the fact-finding hearing established that the father pulled on his daughter's shirt when his daughter failed to follow his instructions, causing her to fall down onto the floor. The evidence also established that he then spanked her on the buttocks and hit her on her arm with an open hand. Although the evidence established that her wrist was injured as a result of the fall, there was no evidence that he intended to injure her, or engaged in a pattern of using excessive force to discipline her. Although a single incident may suffice to support a finding of neglect (*see Matter of Rachel H.*, 60 AD3d 1060, 1061 [2009]), under the circumstances, the Family Court's finding that the father neglected his daughter by using excessive corporal punishment was not supported by a preponderance of the evidence (*see Matter of Chanika B.*, 60 AD3d 671, 671-672 [2009]; *Matter of Suffolk County Dept. of Social Servs. v Diane J.*, 222 AD2d 439 [1995]; *cf. Matter of Reannie D.*, 2 AD3d 851, 852 [2003]; *Matter of Stephanie K.*, 1 AD3d 939, 940 [2003];

*Matter of Amanda E.*, 279 AD2d 917, 918-919 [2001]). Necessarily, then, the Family Court's further finding that the father derivatively neglected his son, who was present for much of the incident, was not supported by a preponderance of the evidence (*see Matter of Corey Mc. [Tanya Mc.]*, 67 AD3d 1015, 1016-1017 [2009]). Accordingly, the Family Court should have denied the petitions and dismissed the proceedings.

The father's remaining contentions either have been rendered academic in light of our determination or are without merit. Fisher, J.P., Covello, Lott and Sgroi, JJ., concur.