The petitioner, Administration for Children’s Services (hereinafter ACS), filed petitions against the father, alleging that he had neglected the subject children, Anastasia and Amethyst, through the infliction of excessive corporal punishment upon Anastasia and his own use of marijuana. The father allegedly hit 14-year-old Anastasia with a belt several times when she refused to give him her cell phone upon his request, causing bruises to her body. Also, the children had allegedly observed the father smoking marijuana on prior occasions. The father testified at a fact-finding hearing that he was attempting to discipline Anastasia for cutting school by taking away her cell phone, and that he hit her with the belt when she refused to give him the phone and charged at him. He testified that corporal punishment was not his normal mode of discipline. The father testified that he had smoked marijuana, but did not smoke it regularly, and that he never used or was under the influence of marijuana in the children’s presence.
ACS’s contentions are without merit. Parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child’s welfare. However, the use of excessive corporal punishment constitutes neglect (see Family Ct Act § 1012 [f] [i] [B]; Matter of Matthew M. [Fatima M.], 109 AD3d 472 [2013]; Matter of Delehia J. [Tameka J.], 93 AD3d 668 [2012]; Matter of Padmine M. [Sandra M.], 84 AD3d 806 [2011]; Matter of Alexander J.S. [David S.], 72 AD3d 829 [2010]). The petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Jacob P. [Sasha R.], 107 AD3d 719 [2013]; Matter of Amerriah S. [Kadiatou Y.], 100 AD3d 1006 [2012]; Matter of Deon S.-G. [Romel S.-G.], 95 AD3d 1340 [2012]). Although a single incident of excessive corporal punishment may suffice to support a finding of neglect, there are instances where the rec *687 ord will not support such a finding, even where the parent’s use of physical force was inappropriate (see Matter of Crystal S. [Elaine S.], 74 AD3d 823 [2010]). Under the circumstances presented here, the Family Court correctly found that ACS failed to establish by a preponderance of the evidence that the father neglected Anastasia by virtue of his infliction of excessive corporal punishment upon her. ACS failed to establish that the father intended to hurt Anastasia, or that his conduct demonstrated a pattern of excessive corporal punishment (see Matter of Nicholas W. [Raymond W.], 90 AD3d 1614 [2011]; Matter of Alexander J.S. [David S.], 72 AD3d 829 [2010]). There was insufficient evidence that Anastasia suffered the requisite impairment of her physical, mental, or emotional well-being to support a finding of neglect (see Matter of Christian O., 51 AD3d 402 [2008]). Given Anastasia’s age, the circumstances under which the altercation occurred, and the isolated nature of the father’s conduct, the court did not err in dismissing the petitions (see Matter of Rosina W., 297 AD2d 639 [2002]; Matter of Amanda E., 279 AD2d 917 [2001]).
Furthermore, the Family Court correctly found that there was no basis for concluding that the father derivatively neglected Amethyst, who was in the room during the incident, inasmuch as ACS did not prove by a preponderance of the evidence that the father neglected Anastasia (see Matter of Alexander J.S. [David S.], 72 AD3d 829 [2010]; Matter of Corey Mc. [Tanya Mc.], 67 AD3d 1015 [2009]). The focus of the inquiry required to determine whether derivative neglect has occurred is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent’s understanding of the duties of parenthood (see Matter of Monica C.M. [Arnold A.], 107 AD3d 996 [2013]; Matter of Jelani B., 54 AD3d 1032 [2008]). Since we have determined that the father did not neglect Anastasia in the first instance, we conclude that the father’s parental judgment was not so impaired as to create a substantial risk of harm to Amethyst, thus rendering Amethyst a neglected child within the meaning of Family Court Act § 1012 (f) (i) (B) (see Matter of Jelani B., 54 AD3d 1032 [2008]).
The Family Court found that there was no evidence that the father smoked marijuana other than outside the children’s presence, as he testified, and there is no basis in the record to disturb that court’s credibility determination. ACS failed to prove by a preponderance of the evidence that the father’s occasional marijuana use outside of the children’s presence caused impairment, or an imminent danger of impairment, to the physical, mental, or emotional well-being of the subject children (see *688 Matter of Diamond J. [Nakesha J.], 102 AD3d 784 [2013]). Imminent danger must be near or impending, not merely possible (see Matter of Anna F., 56 AD3d 1197 [2008] [the record failed to establish that children’s physical, mental, or emotional conditions were in imminent danger of becoming impaired by father’s occasional use of drugs or alcohol while children were asleep]). Furthermore, no evidence was elicited as to the duration, frequency, or repetitiveness of the father’s marijuana use (see Matter of Jeffrey M. [Noemi C.], 102 AD3d 608 [2013]; Matter of Anastasia G., 52 AD3d 830 [2008]). Balkin, J.P., Chambers, Austin and Roman, JJ., concur.