◼ In the Matter of Isser B. Administration for Children's Services, Respondent; Abraham A.B., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of Tzvi D.B. Administration for Children's Services, Respondent; Abraham A.B., Ap-

pellant, et al., Respondent. (Proceeding No. 2.) In the Matter of DOBA B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ABRAHAM A.B., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of CHAYA M.B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ABRAHAM A.B., Appellant, et al., Respondent. (Proceeding No. 4.) [995 NYS2d 232]—

In four related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of (1) an order of Family Court, Kings County (Danoff, J.), dated December 12, 2012, as, after a fact-finding hearing in proceeding Nos. 1 and 2, found that he derivatively abused the child Tzvi D. B., and derivatively neglected the child Isser B., and (2) an order of the same court, also dated December 12, 2012, as, after a fact-finding hearing in proceeding Nos. 3 and 4, found that he sexually abused the child Chaya M.B. and derivatively neglected the child Doba B.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The Family Court's finding that the appellant sexually abused his daughter Chaya M.B. was supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; Penal Law § 130.00 [3]; *Matter of Joshua P. [David J.]*, 111 AD3d 836 [2013]). Contrary to the appellant's contention, under the facts of this case, the Family Court properly inferred the element of intent to obtain sexual gratification (*see Matter of Raymond M.*, 13 AD3d 377, 378 [2004]; *cf. Matter of Jelani B.*, 54 AD3d 1032, 1033 [2008]).

The appellant's remaining contentions are without merit. Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.