■ In the Matter of ALLYSSA O. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EDWARD N., Appellant, et al., Respondent. [18 NYS3d 392]—

Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Robert D. Mulroy, J.), dated June 2, 2014. The order, after fact-finding and dispositional hearings, insofar as appealed from, found that the child's brother neglected the child Allyssa O.

Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed insofar as asserted against the appellant.

The Family Court properly determined that the appellant, the subject child's 32-year-old brother who resided with the child and their mother, was a "person legally responsible" for the care of the child and, as such, was a proper party to the child protective proceeding (Family Ct Act § 1012 [g]; *see Matter of Alfredo T.*, 61 AD3d 690, 691 [2009]; *Matter of Nathaniel TT.*, 265 AD2d 611, 612-613 [1999]; *cf. Matter of Catherine G. v County of Essex*, 3 NY3d 175 [2004]).

However, the Family Court's finding of neglect against the appellant was not supported by a preponderance of the evidence. The evidence presented at the fact-finding hearing established that the appellant had struck the child, his 15-year-old sister, in the face, while he was attempting to stop the child from disobeying their mother's rule forbidding the child from having guests in the home. Although a single incident may sometimes suffice to sustain a finding of neglect (*see Matter of Rachel H.*, 60 AD3d 1060 [2009]), the record does not support such a finding here. Given the age of the subject child, the provocation, and the dynamics of the incident, the appellant's act against his sister did not constitute neglect (*see Matter of Corey Mc. [Tanya Mc.]*, 67 AD3d 1015 [2009]; *Matter of Chanika B.*, 60 AD3d 671 [2009]; *Matter of Rosina W.*, 297 AD2d 639 [2002]; *Matter of Amanda E.*, 279 AD2d 917 [2001]). Accordingly, the Family Court should have denied the petition insofar as asserted against the appellant and dismissed the proceeding insofar as asserted against him. Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.