Separate appeals from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated December 2, 2016. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the mother neglected the child Asia T.S. and derivatively neglected the children Rohan A.S. and Israel S., dismissed the petitions with prejudice.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The petitioner commenced these related proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the mother neglected the child Asia T.S. by inflicting excessive corporal punishment on her, and derivatively neglected her two other children as a result of the excessive corporal punishment inflicted upon Asia. Asia, who was 13 years old at the time of the incident at issue, told the police and a caseworker that, as a result of a dispute over Asia putting bleach in a load of dark-colored laundry, the mother struck her in the face, threw bleach in her face, and scratched her arm. At a fact-finding hearing, the mother testified that after she scolded Asia for putting bleach in the dark-colored laundry, Asia cursed at her. The mother admitted that she reacted by pouring bleach from the bottle onto Asia’s clothing. This escalated into a physical altercation during which Asia punched the mother and twisted her arm. The mother admitted that during the altercation she slapped Asia a couple of times in the face. After the fact-finding hearing, the Family Court found that while the preponderance of the evidence established that the mother engaged in a physical altercation with Asia during which the mother threw bleach toward Asia’s face and Asia’s arm was scratched, this single incident of excessive corporal punishment did not sufficiently establish that the mother neglected Asia and derivatively neglected the other children. The petitioner appeals and the children separately appeal.
 

 “At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected” (Matter of Luis N.P. [Alquiber R.], 127 AD3d 1201, 1201 [2015] [internal quotation marks omitted]; see Family Ct Act § 1046 [b]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Kenya R. [Edmindo R.], 129 AD3d 978, 979 [2015]). We agree with the Family Court that the petitioner failed to establish by a preponderance of the evidence that the mother neglected Asia and derivatively neglected the other children. Although a single incident of excessive corporal punishment may sometimes suffice to sustain a finding of neglect (see Matter of Rachel H., 60 AD3d 1060 [2009]), the record does not support such a finding here. Given Asia’s age and size, the provocation, and the dynamics of the incident, the mother’s acts did not constitute neglect (see Matter of Allyssa O. [Edward N.], 132 AD3d 768, 769 [2015]; Matter of Corey Mc. [Tanya Mc.], 67 AD3d 1015 [2009]; Matter of Chanika B., 60 AD3d 671 [2009]). Necessarily, then, the petitioner also failed to establish by a preponderance of the evidence that the other children, who did not even witness the incident, were derivatively neglected (see Matter of Corey Mc. [Tanya Mc.], 67 AD3d at 1016-1017).
 

 Accordingly, the Family Court properly dismissed the petitions with prejudice.
 

 Dillon, J.P., Austin, Sgroi and Barros, JJ., concur.