Matter of Sara P. (Michael P.) (2021 NY Slip Op 01778)





Matter of Sara P. (Michael P.)


2021 NY Slip Op 01778


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-08970
 (Docket No. N-1030-16)

[*1]In the Matter of Sara P. (Anonymous). Rockland County Department of Social Services, respondent; 
and
Michael P. (Anonymous), appellant.


Galgano Sharp LLP, White Plains, NY (Eric R. Sharp of counsel), for appellant.
Thomas E. Humbach, County Attorney, Pomona, NY (Barbara M. Wilmit of counsel), for respondent.
Legal Aid Society of Rockland County, New City, NY (Harvey A. Eilbaum of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Rockland County (Sherri L. Eisenpress, J.), entered May 22, 2019. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the father neglected the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
Following the subject child's allegations, inter alia, that the father would lay on top of her in bed and rock back and forth making oohing and ahhing sounds, the petitioner commenced this proceeding against the father, alleging both abuse and neglect. After a fact-finding hearing, the Family Court found that the father neglected the child. The father appeals.
Insofar as is relevant, a neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012[f][i][B]). In a fact-finding hearing, any determination that the child is an abused or neglected child must be based on a preponderance of the evidence (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Alexander J.S. [David S.], 72 AD3d 829, 830). Here, sufficient evidence exists in the record to support the Family Court's finding of neglect by a preponderance of the evidence.
The father's remaining contention is without merit.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court