Matter of Isabella S. (Nicole S.) (2022 NY Slip Op 01897)





Matter of Isabella S. (Nicole S.)


2022 NY Slip Op 01897


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


11 CAF 20-00095

[*1]IN THE MATTER OF ISABELLA S. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; NICOLE S., RESPONDENT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered January 8, 2020 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, adjudged that respondent had neglected the subject child. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from that part of an order adjudging that she neglected the subject child. We agree with the mother that Family Court's finding of neglect is not supported by the requisite preponderance of the evidence, and we therefore reverse the order insofar as appealed from and dismiss the petition. "[A] party seeking to establish neglect must show, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f] [i]; Matter of Chance C. [Jennifer S.], 165 AD3d 1593, 1594 [4th Dept 2018]). In considering whether the requisite minimum degree of care was provided, "[c]ourts must evaluate parental behavior objectively: would a reasonable and prudent parent have so acted, or failed to act, under the circumstances then and there existing" (Nicholson, 3 NY3d at 370). Here, the evidence at the fact-finding hearing establishes that the mother acknowledged her mental health issues and had been compliant with treatment following her discovery that she was pregnant (cf. Matter of Trinity E. [Robert E.], 137 AD3d 1590, 1591 [4th Dept 2016]); that she never acted inappropriately around the child (cf. Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1403-1404 [4th Dept 2016]); and that she was engaged in a supportive housing program that would allow her to care for the child, thereby limiting any extended need for foster care (cf. Matter of Trebor UU., 279 AD2d 735, 737 [3d Dept 2001]). We therefore find insufficient evidence that any actual or imminent harm to the child is " 'clearly attributable' " to any act or failure to act on the mother's part (Nicholson, 3 NY3d at 370). In light of our conclusion, the mother's remaining contention is academic.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court