Matter of Grayson S. (Thomas S.) (2022 NY Slip Op 05649)

Matter of Grayson S. (Thomas S.)

2022 NY Slip Op 05649

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND NEMOYER, JJ.

743 CAF 19-00406

[*1]IN THE MATTER OF GRAYSON S. (FORMERLY KNOWN ASSTARLIA S.) OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; THOMAS S., RESPONDENT-APPELLANT.

DAVIS LAW OFFICE PLLC, OSWEGO (STEPHANIE N. DAVIS OF COUNSEL), FOR RESPONDENT-APPELLANT.
JEFFERY G. TOMPKINS, CAMDEN, FOR PETITIONER-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Oswego County (James K. Eby, J.), entered January 2, 2019 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, determined that respondent had neglected the subject child. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the petition against respondent is dismissed.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order of fact-finding and disposition that, inter alia, adjudged that he neglected the subject child based on his conduct during an altercation. The evidence presented by petitioner at the fact-finding hearing established that the father, his girlfriend, and the girlfriend's
18-year-old daughter arrived by vehicle at the home of the paternal grandparents, where the 14-year-old child and his 15-year-old sister were residing, for the purpose of picking up some toys for two younger children that the father and the girlfriend had together. A verbal dispute then arose in which the father argued with the grandfather and the child primarily over the ownership of a certain toy, with the child maintaining that the toy belonged to him and that he was not obligated to give it to the younger children. The sister joined the child outside in arguing with the father, who was joined by the girlfriend and the girlfriend's daughter after they both exited the vehicle. The argument subsequently turned physical with the sister beating up the girlfriend's daughter while the father and the girlfriend attempted to stop the sister. During the altercation, the child threw a rock at the vehicle, at which point the father struck the child once. Family Court concluded from the evidence presented that the child was neglected by the father pursuant to Family Court Act § 1012 (f) (i) (B).
As a preliminary matter, petitioner and the Attorney for the Child (AFC) contend that the father did not take his appeal within the time period allotted by Family Court Act § 1113 and that the appeal should therefore be dismissed as untimely. We reject that contention.
Pursuant to Family Court Act § 1113, an appeal from a Family Court order "must be taken no later than thirty days after the service by a party or the child's attorney upon the appellant of any order from which the appeal is taken, thirty days from receipt of the order by the appellant in court or thirty-five days from the mailing of the order to the appellant by the clerk of the court, whichever is earliest." Indeed, the statute was specifically amended to permit the time to take an appeal to begin running upon service by the court either during an appearance in court or via mailing (see L 1997, ch 461, § 1; Matter of Miller v Mace, 74 AD3d 1442, 1443 [3d Dept [*2]2010], lv denied 15 NY3d 705 [2010]; Mem of Unified Ct System, Bill Jacket,
L 1997, ch 461 at 7-10). Furthermore, "[w]hen service of the order is made by the court, the time to take an appeal shall not commence unless the order contains [a statutorily required] statement and there is an official notation in the court record as to the date and the manner of service of the order" (§ 1113; see Matter of Fraser v Fraser, 185 AD3d 1444, 1445 [4th Dept 2020]). "An appeal as of right [is] taken by filing the original notice of appeal with the clerk of the [F]amily [C]ourt in which the order was made and from which the appeal is taken" (§ 1115).
Here, "[t]here is no evidence in the record that the father was served with the order of fact-finding and disposition by a party or the child's attorney, that he received the order in court, or that the Family Court mailed the order to the father" (Matter of Batts v Muhammad, 198 AD3d 750, 751 [2d Dept 2021]). Instead, despite using a form order that provided typewritten check boxes for the two methods of service by the court mentioned in the statute (i.e., in court or by mail) (see Family Ct Act § 1113), the court here crossed out the word "mailed" and edited the form to indicate that the order was emailed to, among others, the father's attorney. The statute, however, does not provide for service by the court through email or any other electronic means (see id.) and, contrary to the assertions of petitioner and the AFC, traditional mail and email are not indistinguishable (see CPLR 2103 [f] [1]; see generally Family Ct Act §§ 165 [a]; 1118). It is well settled that "[c]ourts should construe clear and unambiguous statutes so as to give effect to the plain meaning of the words used" (Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665 [1988]) and, here, the statute permits court service by mail but does not provide for such service by electronic means (see § 1113), despite the fact that the legislature has had the opportunity to include those means in the years since email has become more prevalent (see e.g. L 2010, ch 41, § 83). Inasmuch as the father was served the order by the court via email, which is not a method provided for in Family Court Act § 1113, and there is no indication that he was served by any of the methods authorized by the statute, we conclude that the time to take an appeal did not begin to run and that it cannot be said that the father's appeal is untimely (see Batts, 198 AD3d at 751; Matter of Tynell S., 43 AD3d 1171, 1172 [2d Dept 2007]).
On appeal, the father contends that the evidence presented at the fact-finding hearing failed to establish by a preponderance of the evidence that he neglected the child. We agree, and we therefore reverse the order insofar as appealed from and dismiss the petition against the father.
As relevant here, a neglected child is defined as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act
§ 1012 [f] [i] [B]). "Thus, a party seeking to establish neglect must show, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see
§ 1012 [f] [i] [B]; Matter of Isabella S. [Nicole S.], 203 AD3d 1651, 1652 [4th Dept 2022]).
"The first statutory element requires proof of actual (or imminent danger of) physical, emotional or mental impairment to the child" (Nicholson, 3 NY3d 369). "This prerequisite to a finding of neglect ensures that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior" (id.). The second statutory element tests whether the parent failed to provide a " 'minimum degree of care'—not maximum, not best, not ideal—and the failure must be actual, not threatened" (id. at 370). "This is an objective test that asks whether 'a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances' " (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011], quoting Nicholson, 3 NY3d at 370).
Although a parent may use reasonable force to discipline his or her child and to promote the child's welfare (see Matter of Damone H., Jr. [Damone H., Sr.] [appeal No. 2], 156 AD3d [*3]1437, 1438 [4th Dept 2017]), the infliction of excessive corporal punishment constitutes neglect (see Family Ct Act § 1012 [f] [i] [B]; Matter of Balle S. [Tristian S.], 194 AD3d 1394, 1395 [4th Dept 2021], lv denied 37 NY3d 904 [2021]). "A single incident of excessive corporal punishment can be sufficient to support a finding of neglect" (Balle S., 194 AD3d at 1395).
Addressing first the father's procedural and evidentiary challenges, we conclude that, contrary to the father's assertion, the court met its obligation of setting forth the "facts it deem[ed] essential" to its neglect determination (CPLR 4213 [b]; see Matter of Jarrett P. [Jeremy P.], 173 AD3d 1692, 1692 [4th Dept 2019], lv denied 34 NY3d 902 [2019]). We also reject the father's contention that the out-of-court statements by the child and the sister regarding the altercation were not sufficiently corroborated (see generally Family Ct Act § 1046 [a] [vi]). The statements of the child and the sister to a caseworker and to an investigator provided sufficient cross-corroboration inasmuch as they "tend to support the statements of the other[] and, viewed together, give sufficient indicia of reliability to each [of their] out-of-court statements" (Matter of Nicole V., 71 NY2d 112, 124 [1987], rearg denied 71 NY2d 890 [1988]; see Matter of Timothy B. [Paul K.], 138 AD3d 1460, 1460-1461 [4th Dept 2016], lv denied 28 NY3d 908 [2016]).
We nonetheless agree with the father on the merits that, "[a]lthough a single incident may sometimes suffice to sustain a finding of neglect . . . , the record does not support such a finding here" (Matter of Allyssa O. [Edward N.], 132 AD3d 768, 769 [2d Dept 2015]). In particular, we conclude that, "[g]iven the age of the subject child, the provocation, and the dynamics of the incident, the [father's] act against [the child] did not constitute neglect" (id.). The record establishes that, during the course of a multi-person melee that included the 15-year-old sister beating up the 18-year-old daughter of the father's girlfriend, the 14-year-old child threw a rock at the vehicle causing the window to break, to which provocation the father instantly reacted by striking the child once either in the face or the back of the head (cf. Matter of Kayla K. [Emma P.-T.], 204 AD3d 1412, 1413 [4th Dept 2022]). Petitioner presented no evidence that the child sustained any injury or required medical treatment as a result of the single strike by the father during the altercation, and the police who investigated the incident did not file any charges (see Matter of Christian O., 51 AD3d 402, 402-403 [1st Dept 2008]). Moreover, petitioner "presented no [competent] proof of a pattern of excessive force by the father; indeed, the proof establishes that this was a single, isolated incident" (Matter of Stephanie K. [James K.] [appeal No. 2], 1 AD3d 939, 940 [4th Dept 2003]). Consequently, even though the court properly drew the strongest possible negative inference against the father after he failed to appear or testify at the fact-finding hearing (see Matter of Rashawn J. [Veronica H.-B.], 159 AD3d 1436, 1437 [4th Dept 2018]), the evidence presented by petitioner established nothing more than "an isolated incident, and '[w]hile losing one's temper does not excuse striking and [potentially] injuring one's child, one such event does not necessarily establish . . . neglect' " (Christian O., 51 AD3d at 403). We thus conclude that petitioner failed to establish by a preponderance of the evidence that the father neglected the child by virtue of the single incident at issue here (see Matter of Israel S. [Khadine S.], 156 AD3d 889, 889-890 [2d Dept 2017]; Allyssa O., 132 AD3d at 769; Matter of Corey Mc. [Tanya Mc.], 67 AD3d 1015, 1015-1016 [2d Dept 2009]; Christian O., 51 AD3d at 402-403; Matter of Amanda E., 279 AD2d 917, 918 [3d Dept 2001]; see generally Damone H., Jr., 156 AD3d at 1437-1438).
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court