Matter of Robert M. v Barbara L. (2024 NY Slip Op 01847)

Matter of Robert M. v Barbara L.

2024 NY Slip Op 01847

Decided on April 4, 2024

Appellate Division, Third Department

Egan Jr., J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

536151

[*1]In the Matter of Robert M., Appellant,
v
Barbara L., Respondent. (And Two Other Related Proceedings.)

Calendar Date:February 14, 2024

Before: Egan Jr., J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Ivy M. Schildkraut, Rock Hill, for appellant.
Jane M. Bloom, Monticello, for respondent.

Egan Jr., J.P.
Appeal from an order of the Family Court of Sullivan County (Mark M. Meddaugh, J.), entered May 11, 2022, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2009). Pursuant to the parties' agreement, an order was entered in July 2019 which, in relevant part, awarded the mother sole custody of the child and granted the father specified parenting time. The father was arrested on charges relating to his sexual abuse and exploitation of an underage victim in October 2019. The father remained jailed on those charges when, in July 2021, he pleaded guilty to predatory sexual assault against a child, possessing a sexual performance by a child, promoting a sexual performance by a child and use of a child in a sexual performance. He received concurrent sentences amounting to 15 years to life in prison in December 2021.
The father sent the child several letters after he was incarcerated, and she did not answer or otherwise try to contact him. The father responded by filing a petition in January 2021 seeking, among other things, weekly mail and/or telephonic contact with the child. The mother cross-petitioned in April 2021 to modify the 2019 order and end the father's visitation rights, while the paternal grandparents separately petitioned for visitation. Following a fact-finding hearing in April 2022, which included a Lincoln hearing, Family Court issued an order in which it determined that in-person, virtual or telephonic communication between the child and the father was not in the child's best interests. Family Court accordingly dismissed the father's petition and granted the mother's cross-petition to the extent of modifying the custodial arrangement to eliminate the father's in-person visitation.[FN1] In so doing, the court made clear that the father remained free to send letters to the child through the mother, who would screen them, and that the child was free to respond if she wanted to do so. The father appeals.
At the outset, we reject the mother's contention that the appeal is untimely. "An appeal is taken from a Family Court order by filing an 'original notice of appeal with the clerk of the family court in which the order was made and from which the appeal is taken,' then serving that notice upon 'any adverse party as provided for in [CPLR 5515 (1)] . . . and upon the child's attorney, if any,' within the time allowed by Family Ct Act § 1113" (Matter of Washington County Dept. of Social Servs. v Oudekerk, 205 AD3d 1108, 1109 [3d Dept 2022], quoting Family Ct Act § 1115). Family Ct Act § 1113 specifies that an appeal "must be taken no later than [30] days after the service by a party or the child's attorney upon the appellant of any order from which the appeal is taken, [30] days from receipt of the order by the appellant in court or[*2][35] days from the mailing of the order to the appellant by the clerk of the court, whichever is earliest." The record does not reflect that the father was served with the order by another party or the attorney for the child or that the clerk of the court mailed a copy of the order to him. It does appear that the clerk of the court emailed a copy of the order to the father's attorney on May 11, 2022; Family Ct Act § 1113 provides that the time in which to take an appeal runs from the date the clerk of the court "mail[s]" the order with notice of entry, however, and there is no provision for "service by electronic means" (Matter of Grayson S. [Thomas S.], 209 AD3d 1309, 1311 [4th Dept 2022]; see Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1113; compare CPLR 2103 [b] [6], [7]; 5513). Accordingly, "as the father was served the order by the court via email, which is not a method provided for in Family Court Act § 1113, and there is no indication that he was served by any of the methods authorized by the statute, we conclude that the time to take an appeal did not begin to run and that it cannot be said that the father's appeal is untimely" (Matter of Grayson S. [Thomas S.], 209 AD3d at 1311; see Matter of Bukowski v Florentino, 210 AD3d 1520, 1521 [4th Dept 2022]).
Turning to the merits, the father made clear at the hearing that he did not seek in-person visitation with the child, and he does not challenge the determination of Family Court that such would not be in the child's best interests.[FN2] The father instead contends that Family Court erred in failing to require telephonic or written contact with the child, even if that contact amounted to the child telling him directly that she did not want to interact with him. We disagree.
"The propriety of visitation is a matter committed to the sound discretion of Family Court, guided by the best interests of the child, and this Court will not disturb its determination if it is supported by a sound and substantial basis in the record" (Matter of Joseph F. v Stephanie G., 180 AD3d 1190, 1191 [3d Dept 2020] [citations omitted]; see Matter of Aaron OO. v Amber PP., 211 AD3d 1144, 1145 [3d Dept 2022]). Family Court observed that the father pleaded guilty to sex offenses relating to a victim who was about the same age as the child at the time of the hearing — and who was, we note, acquainted with the child — and the father's testimony gave no reason to believe that he appreciated how his actions might have impacted the child. Family Court further credited the mother's testimony that she had given the child all of the father's letters after screening them for inappropriate content, and that the child had simply decided, without any interference from the mother, not to respond to them. The child was almost 13 years old at the time of the hearing and, as such, her apparent desire not to communicate with the father was entitled to some weight in assessing her best interests [*3](see Matter of Rosenblatt v Rosenblatt, 129 AD3d 1091, 1092-1093 [2d Dept 2015]; Matter of Rulinsky v West, 107 AD3d 1507, 1508 [4th Dept 2013]). We are satisfied that, according deference to Family Court's assessment of witness credibility, the foregoing constitutes a sound and substantial basis in the record for the determination that the presumption favoring visitation with a noncustodial parent had been rebutted and that the best interests of the child would be served by limiting contact with the father to written correspondence to which the child was not required to respond (see Matter of Velasquez v Kattau, 167 AD3d 912, 913 [2d Dept 2018], lv denied 32 NY3d 919 [2019]; Matter of Isaiah CC. v Roselyn DD., 139 AD3d 1125, 1126 [3d Dept 2016]; Matter of Rogowski v Rogowski, 251 AD2d 827, 827-828 [3d Dept 1998]).
Aarons, Pritzker, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Family Court did grant the petition filed by the paternal grandparents to the extent of awarding them supervised visitation.

Footnote 2: There is no dispute that a change in circumstances occurred since the issuance of the 2019 order that warranted an inquiry into what contact with the father would be in the best interests of the child (see Manner of Anthony T. v Melissa U., 211 AD3d 1406, 1407 [3d Dept 2022]; Matter of Kari CC. v Martin DD., 148 AD3d 1246, 1247 n 2 [3d Dept 2017]).