■ In the Matter of LORRAINE D., Appellant, v WIDMACK C. et al., Respondents. [912 NYS2d 633]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals (1), as limited by her brief, from so much of an order of the Family Court, Kings County (Ross, J.H.O.), dated October 22, 2009, as denied that branch of her motion which was, in effect, to vacate so much of an order of the same court dated June 4, 2009, as, upon her default, dismissed her petitions for custody of the children Daquan C., Latavia C., and Lyasia P., and awarded custody of the child Lyasia P. to the maternal grandmother, and (2) from a supplemental order of the same court, also dated October 22, 2009, which awarded her supervised visitation with the children Daquan C. and Latavia C.

Ordered that the order dated October 22, 2009, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the supplemental order dated October 22, 2009, is affirmed, without costs or disbursements.

A party seeking to vacate an order entered upon his or her default is required to demonstrate a reasonable excuse for the default and the existence of a potentially meritorious cause of action or defense (*see Wild v Target Corp.*, 74 AD3d 799 [2010]; *Rivera v Komor*, 69 AD3d 833 [2010]; *Matter of Jurow v Cahill*, 56 AD3d 559, 559-560 [2008]). Here, the mother, who had a history of defaulting on her petitions in the Family Court, failed to satisfy either requirement. Accordingly, there was no basis for vacatur.

Additionally, the mother contends that she is entitled to unsupervised visitation with the children Daquan C. & Lorraine C. "The determination of whether visitation should be super-

vised is a matter left to Family Court's sound discretion . . . and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record" (*Matter of Smith v Roberts*, 67 AD3d 688, 689 [2009] [internal quotation marks omitted]). Here, the Family Court's determination that supervised visitation would be in the children's best interests has a sound basis in the record (*id.*; *see Matter of VanDee v Bean*, 66 AD3d 1253, 1255 [2009]; *Matter of Tristram K.*, 25 AD3d 222, 228 [2005]). Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.