■ In the Matter of JANIYAH T., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LATEEK C., Appellant, et

al., Respondent. (Proceeding No. 1.) In the Matter of KAMIYAH C., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LATEEK C., Appellant, et al., Respondent. (Proceeding No. 2.) [925 NYS2d 847]—

In two related proceedings pursuant to Family Court Act article 10, Lateek C. appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Kings County (Olshansky, J.), dated July 28, 2010, as, after a hearing, only awarded him supervised visitation with Kamiyah C.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The appellant contends that he is entitled to unsupervised visitation with his child Kamiyah. Since the Family Court is in the best position to evaluate the testimony, character, and sincerity of the witnesses in weighing the many factors required for a determination of custody (*Matter of Rho v Rho*, 19 AD3d 605 [2005]), " '[t]he determination of whether visitation should be supervised is a matter left to the Family Court's sound discretion . . . and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record' " (*Matter of Lorraine D. v Widmack C.*, 79 AD3d 745, 745-746 [2010], quoting *Matter of Smith v Roberts*, 67 AD3d 688, 689 [2009]). Here, the Family Court's determination that supervised visitation would be in the child's best interests has a sound basis in the record (*Matter of Lorraine D. v Widmack C.*, 79 AD3d 745 [2010]; *Matter of Smith v Roberts*, 67 AD3d at 689; *Matter of Graham v White*, 16 AD3d 583 [2005]; *Matter of Morash v Minucci*, 299 AD2d 486 [2002]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.