# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1270**
**CAF 10-02105**
PRESENT: SCUDDER, P.J., SMITH, GREEN, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF NICHOLAS W., TYLER W.,
AND ETHAN W.
----------------------------------------------
ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES      MEMORANDUM AND ORDER
CHILD PROTECTIVE UNIT, PETITIONER-RESPONDENT;

RAYMOND W., RESPONDENT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR RESPONDENT-APPELLANT.

JOHN W. PARK, COUNTY ATTORNEY, CANANDAIGUA (HOLLY A. ADAMS OF COUNSEL), FOR PETITIONER-RESPONDENT.

CHARLES R. PETERS, ATTORNEY FOR THE CHILD, IONIA, FOR NICHOLAS W.

---

Appeal from an order of the Family Court, Ontario County (William F. Kocher, J.), entered September 22, 2010 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudged the child Nicholas W. to be a neglected child.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, petitioner's motion is denied and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging that respondent father neglected his oldest son and derivatively neglected two other children because he struck his oldest son in the face. In a criminal proceeding before the same judge who presided over the proceeding in Family Court, the father pleaded guilty to assault in the third degree (Penal Law § 120.00 [2] [reckless assault]), arising from the incident in which he struck his oldest son. There was no allocution concerning the conduct underlying the conviction and, when the proceeding on the petition resumed in Family Court, petitioner moved for summary judgment on the petition based upon the plea and certificate of conviction in the criminal matter. The father moved "to dismiss" petitioner's motion and requested a fact-finding hearing on the petition. The court denied the father's request and granted the motion with respect to the oldest child. Petitioner subsequently withdrew its allegations of derivative neglect with respect to the other children. The court thereafter denied the father's motion to reargue his opposition to the motion for summary judgment with respect to the oldest child and entered an order of fact-finding and disposition adjudicating the oldest son to be a neglected child.

We conclude that petitioner failed to meet its burden of establishing that the acts underlying the conviction of reckless assault constituted neglect as a matter of law and thus that the issues in the neglect proceeding were resolved by the father's guilty plea (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Although one incident of excessive corporal punishment may be sufficient to establish neglect (*see Matter of Steven L.*, 28 AD3d 1093, *lv denied* 7 NY3d 706), under the circumstances of this case, we conclude that petitioner failed to establish that the father intended to hurt his son or that his conduct was a pattern of excessive corporal punishment (*see Matter of Christian O.*, 51 AD3d 402). We therefore reverse the order, deny petitioner's motion and remit the matter to Family Court for further proceedings on the petition before a different judge.

Entered:  December 30, 2011

Frances E. Cafarell
Clerk of the Court