■ In the Matter of Diana B., Appellant-Respondent, v Lorry B., Respondent- Appellant. [975 NYS2d 679]—

In a proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Stack, J.H.O.), dated August 23, 2012, as awarded the mother liberal supervised visitation with the subject child, and the mother cross-appeals, as limited by her brief, from stated portions of the same order.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In adjudicating visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "[A] noncustodial parent should have reasonable rights of visitation, and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child" (*Matter of Mera v Rodriguez*, 73 AD3d 1069, 1069 [2010] [internal quotation marks omitted]; *see Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]; *Matter of Grisanti v Grisanti*, 4 AD3d 471, 473 [2004]). The determination of whether visitation should be supervised is a matter left to Family Court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound basis in the record (*see Matter of Lorraine D. v Widmack C.*, 79 AD3d 745, 746 [2010]; *Matter of Smith v Roberts*, 67 AD3d 688, 689 [2009]). Here, the Family Court's determination to award liberal visitation to the mother, and to require that such visitation should be supervised, has a sound basis in the record.

The mother's remaining contentions are without merit. Rivera, J.P., Dillon, Roman and Miller, JJ., concur.