In related proceedings pursuant to Family Court Act articles 6 and 10, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Kings County (Olshansky, J.), dated January 3, 2013, as denied his motion for temporary custody of the subject child, Mia, in proceeding No. 2, placed that child in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing, and, in proceeding No. 3, adjourned the petition for final custody and awarded him only supervised visitation with the child Mia.
Ordered that the appeal from so much of the order as placed the child Mia in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing is dismissed as academic, without costs of disbursements; and it is further,
Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as placed the child Mia in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing must be dismissed as academic, as the period of placement has already expired (see Matter of Alexandria M. [Mattie M.], 108 AD3d 548, 548-549 [2013]; Matter of Najad D. [Kiswana M.], 99 AD3d 707, 708 [2012]; Matter of Niviya K. [Alfonzo M.], 89 AD3d 1027 [2011]).
Contrary to the father’s contention, the Family Court did not improvidently exercise its discretion in awarding him only supervised visitation with the child Mia. “The determination of whether visitation should be supervised is a matter left to Family Court’s sound discretion . . . and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record” (Matter of Lorraine D. v Widmack C., 79 AD3d 745, 745-746 [2010] [internal quotation marks omitted]; Matter of Smith v Roberts, 67 AD3d 688, 689 *998 [2009] ). Here, the court’s determination that supervised visitation would be in the child’s best interests has a sound basis in the record (Matter of Lorraine D. v Widmack C., 79 AD3d 745 [2010]; Matter of Smith v Roberts, 67 AD3d at 689).
The father’s remaining contentions are without merit.
Dillon, J.E, Chambers, Hall and Maltese, JJ., concur.