■ In the Matter of SULAYNE G. SUFFOLK COUNTY DEPART-MENT OF SOCIAL SERVICES, Appellant; SULAY J., Respondent. (Proceeding No. 1.) In the Matter of ASHTON J. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; SULAY J., Respondent. (Proceeding No. 2.) In the Matter of BRANDY C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; SULAY J., Respondent. (Proceeding No. 3.) In the Matter of BRYAN C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; SULAY J., Respondent. (Proceeding No. 4.) [5 NYS3d 244]—

Appeal from an order of disposition of the Family Court, Suffolk County (Deborah Poulos, J.), dated August 8, 2014. The order of disposition, after a fact-finding hearing, dismissed the petitions alleging that the mother neglected the subject children.

Ordered that the order of disposition is affirmed, without costs or disbursements.

"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (*Matter of Negus T. [Fayme B.]*, 123 AD3d 836, 836 [2014]; *see* Family Ct Act § 1046 [b] [i]). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (*Matter of Cheryale B. [Michelle B.]*, 121 AD3d 976, 977 [2014]; *see* Family Ct Act § 1012 [f] [i] [B]).

Under the circumstances presented here, the Family Court correctly found that the Suffolk County Department of Social Services (hereinafter the DSS) did not prove by a preponderance of the evidence that the mother neglected the child Brandy C. by virtue of the infliction of excessive corporal punishment. There was insufficient evidence presented at the fact-finding hearing that the mother's conduct demonstrated a pattern of excessive corporal punishment, or that Brandy suffered the requisite impairment of her physical, mental, or emotional well-being to support a finding of neglect (*see Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d 685, 687 [2014]; *Matter of Pria J.L. [Sharon L.]*, 102 AD3d 576, 579-580 [2013]; *Matter of Parker v Carrión*, 80 AD3d 458, 459 [2011]; *Matter of Christian O.*, 51 AD3d 402 [2008]; *Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292 [2008]; *Matter of Rosina W.*, 297 AD2d 639 [2002]).

Furthermore, inasmuch as the DSS did not prove by a preponderance of the evidence that the mother neglected Brandy, there is no basis to conclude that the mother derivatively neglected the other children (*see Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d at 687; *Matter of Alexander J.S. [David S.]*, 72 AD3d 829 [2010]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Family Court did not err in dismissing the petitions. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.