Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered July 24, 2015 in a proceeding pursuant to Family Court Act article 10. The order provided for 12 months’ supervision of respondent by petitioner.
 

 It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
 

 Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father contends that petitioner failed to establish by a preponderance of the evidence that he neglected the subject child. We agree with the father, and we therefore reverse the order and dismiss the petition.
 

 Petitioner alleged that the father inflicted excessive corporal punishment on the child. In particular, petitioner alleged that, on January 18, 2014, the child had two small bruises on his left temple, allegedly inflicted by the father. Additionally, petitioner alleged that, on March 19, 2014, the child sustained several scratches on his face, a bruise on his cheek, and several minor bruises and abrasions, also allegedly inflicted by the father. At the hearing on the petition, petitioner’s caseworker testified that the child initially stated that he sustained a bruise in January 2014 while roughhousing with his siblings and, although he later gave inconsistent accounts of the incident, the child maintained that his father had not caused the injury. The caseworker further testified that in March 2014 he observed that the child had three scarlet marks on the right side of his face, a reddish mark on the left side of his face, and a small, reddish mark on his abdomen. When asked about those marks, the child stated that he had been in trouble at school, so the father struck him. According to the testimony of the father, he was called into the school by the child’s teachers in March 2014 because the child was misbehaving. When the father stated that he was taking the child home, the child began running around the classroom. The father chased the child around the classroom and, in attempting to grab him, accidentally caught him in the face with his hand, causing the marks. The father further testified, consistent with the child’s statement to the caseworker, that the child sustained a bruise in January 2014 while roughhousing with his siblings.
 

 “[A] finding of neglect requires proof that the child’s ‘physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired’ as a result of the parent’s failure ‘to exercise a minimum degree of care’ ” (Matter of Peter G., 6 AD3d 201, 203 [1st Dept 2004], appeal dismissed 3 NY3d 655 [2004], quoting Family Ct Act § 1012 [f] [i]; see Matter of Lacey-Sophia T.-R. [Ariela (T.)W.], 125 AD3d 1442, 1444 [4th Dept 2015]). Although the use of excessive corporal punishment constitutes neglect (see § 1012 [f] [i] [B]), a parent has the right to use reasonable physical force to instill discipline and promote the child’s welfare (see Matter of Jaivon J. [Patricia D.], 148 AD3d 890, 891 [2d Dept 2017]). Here, we conclude that petitioner failed to establish that the father intentionally harmed the child or that his conduct was part of a pattern of excessive corporal punishment (see Matter of Nicholas W. [Raymond W.], 90 AD3d 1614, 1615 [4th Dept 2011]), and petitioner thus failed to meet its burden of establishing by a preponderance of the evidence that the child was in imminent danger (see Lacey-Sophia T.-R., 125 AD3d at 1445; see generally Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]).
 

 Present— Smith, J.P., Carni, Lindley, Curran and Troutman, JJ.