Matter of Justin M.F. (Randall L.F.) (2019 NY Slip Op 01907)





Matter of Justin M.F. (Randall L.F.)


2019 NY Slip Op 01907


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


181 CAF 18-00112

[*1]IN THE MATTER OF JUSTIN M.F. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-APPELLANT; RANDALL L.F., RESPONDENT-RESPONDENT. TANYA J. CONLEY, ATTORNEY FOR THE CHILD, APPELLANT.






TANYA J. CONLEY, ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (PETER A. ESSLEY OF COUNSEL), FOR PETITIONER-APPELLANT.


 Appeals from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered December 29, 2017 in a proceeding pursuant to Family Court Act article 10. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and facts without costs and the petition is granted insofar as it seeks a determination that the child is a neglected child as defined in Family Court Act § 1012 (f) (i) (B).
Memorandum: In this proceeding pursuant to Family Court Act article 10, petitioner and the Attorney for the Child (AFC) appeal from an order that dismissed the petition after a fact-finding hearing. In the petition, petitioner alleged that respondent father neglected the subject child by inflicting excessive corporal punishment. We agree with petitioner and the AFC that petitioner established that the father neglected the child by inflicting excessive corporal punishment, and we therefore reverse the order and grant the petition insofar as it seeks a determination that the child is a neglected child as defined in Family Court Act § 1012 (f) (i) (B).
A party seeking to establish neglect must establish, by a preponderance of the evidence, " first that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship' " (Matter of Jayla A. [Chelsea K.—Isaac C.], 151 AD3d 1791, 1792 [4th Dept 2017], lv denied 30 NY3d 902 [2017], quoting Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). Although a parent may use reasonable force to discipline his or her child to promote the child's welfare (see Matter of Damone H., Jr. [Damone H., Sr.] [appeal No. 2], 156 AD3d 1437, 1438 [4th Dept 2017]), the "infliction of excessive corporal punishment" constitutes neglect (Family Ct Act § 1012 [f] [i] [B]). Indeed, " a single incident of excessive corporal punishment is sufficient to support a finding of neglect' " (Matter of Dustin B. [Donald M.], 71 AD3d 1426, 1426 [4th Dept 2010]; see Matter of Nicholas W. [Raymond W.], 90 AD3d 1614, 1615 [4th Dept 2011]).
Here, petitioner established by a preponderance of the evidence that the father neglected the child by inflicting excessive corporal punishment (see generally Family Ct Act § 1012 [f] [i] [B]). At the hearing, petitioner presented, among other things, witness testimony and medical records indicating that the child sustained a bruised left temple, a bruised eye, and a bloody and swollen nose after the father struck him (see Matter of Padmine M. [Sandra M.], 84 AD3d 806, 807 [2d Dept 2011]; Matter of Nicole H., 12 AD3d 182, 183 [1st Dept 2004]; see generally [*2]Matter of Castilloux v New York State Off. of Children & Family Servs., 16 AD3d 1061, 1062 [4th Dept 2005], lv denied 5 NY3d 702 [2005]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court