Matter of Myiasha K. D. (Marcus R.) (2021 NY Slip Op 02290)





Matter of Myiasha K. D. (Marcus R.)


2021 NY Slip Op 02290


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-10280
 (Docket Nos. N-7506-19, N-7507-19)

[*1]In the Matter of Myiasha K. D. (Anonymous). Administration for Children's Services, respondent; Marcus R. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter Amiya J. D. (Anonymous). Administration for Children's Services, respondent; Marcus R. (Anonymous), appellant. (Proceeding No. 2.)


Joseph H. Nivin, Forest Hills, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Claibourne Henry of counsel), for respondent.
Rhonda R. Weir, Brooklyn, NY, attorney for the child Myiasha K. D.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child Amiya J. D.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the paternal uncle appeals from an order of disposition of the Family Court, Queens County (Carol Ann Stokinger, J.), dated October 8, 2019. The order of disposition, upon an order of fact-finding of the same court dated July 29, 2019, made after a fact-finding hearing, finding that the paternal uncle neglected the subject child Myiasha K. D. and derivatively neglected the subject child Amiya J. D., and after a dispositional hearing, inter alia, released the children to the custody of the paternal grandparents with 12 months of supervision by the Administration for Children's Services.
ORDERED that on the Court's own motion, the notice of appeal from the order of fact-finding dated July 29, 2019, is deemed to be a premature notice of appeal from the order of disposition (see CPLR 5520[c]); and it is further,
ORDERED that the appeal from so much of the order of disposition as directed supervision by the Administration for Children's Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of supervision has expired; and it is further,
ORDERED that the order of disposition is reversed insofar as reviewed, on the law, without costs or disbursements, the order of fact-finding is vacated, the petitions are denied, and the proceedings are dismissed.
The appeal from so much of the order of disposition as directed supervision by the Administration for Children's Services for a period of 12 months must be dismissed as academic, as the period of supervision has expired (see Matter of Kyanna T. [Winston R.], 99 AD3d 1011, 1013; Matter of Lisbeth H. [Noemy H.], 83 AD3d 836, 837; Matter of Jordan E., 57 AD3d 539, 540). The adjudications of neglect and derivative neglect, however, constitute a permanent and significant stigma which might indirectly affect the paternal uncle's status in future proceedings. Therefore, the appeal from the portion of the order of disposition which brings up for review the findings of neglect and derivative neglect in the fact-finding order are not academic (see Matter of Kyanna T. [Winston R.], 99 AD3d at 1013; Matter of Crystal S. [Elaine S.], 74 AD3d 823, 824-825).
The petitioner, Administration for Children's Services (hereinafter ACS), filed petitions alleging neglect by the paternal uncle as a person legally responsible for the care of the subject children, Myiasha K. D. and Amiya J. D., based on Myiasha's claim, inter alia, that, after she made fun of another adult in the household, the paternal uncle struck her on the arm, leaving a bruise. At the fact-finding hearing, Myiasha's school guidance counselor testified that Myiasha told him that her paternal uncle had struck her on the arm, and the notes of the investigating ACS caseworker indicated that Myiasha provided her with a similar statement. The caseworker also observed some bruising on Myiasha's upper arm. The paternal uncle and the paternal grandmother denied that Myiasha was ever hit by the paternal uncle. No other marks or bruises were observed on Myiasha, and there was no evidence presented that Amiya was ever struck by the paternal uncle. At the conclusion of the fact-finding hearing, the Family Court determined that the paternal uncle neglected Myiasha and derivatively neglected Amiya. On October 8, 2019, the court issued an order of disposition which, among other things, directed the paternal uncle to engage in family therapy with the child Myiasha K. D. The paternal uncle appeals.
While those legally responsible for the care of children "have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare" (Matter of Anastasia L.-D. [Ronald D.], 113 AD3d 685, 686), the use of excessive corporal punishment constitutes neglect (see Family Ct Act § 1012[f][i][B]; Matter of Matthew M. [Fatima M.], 109 AD3d 472). The petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046[b][i]; Matter of Jacob P. [Sasha R.], 107 AD3d 719, 720). Although a single incident of excessive corporal punishment may suffice to support a finding of neglect in a given case, there are instances where the record will not support such a finding, even where the use of physical force was inappropriate (see Matter of Crystal S. [Elaine S.], 74 AD3d at 825). Under the circumstances presented here, we agree with the paternal uncle and the attorneys for the respective children that the Family Court erroneously found that ACS established by a preponderance of the evidence that the paternal uncle neglected Myiasha by inflicting excessive corporal punishment upon her. ACS failed to establish that the paternal uncle's action in inappropriately striking the child rose to the level of neglect, or that he intended to hurt Myiasha, or exhibited a pattern of excessive corporal punishment (see Matter of Sulayne G. [Sulay J.], 126 AD3d 791; Matter of Anastasia L.-D. [Ronald D.], 113 AD3d at 687; Matter of Nicholas W. [Raymond W.], 90 AD3d 1614, 1615). Moreover, there was insufficient evidence that Myiasha suffered the requisite impairment of her physical, mental, or emotional well-being to support a finding of neglect (see Matter of Sulayne G. [Sulay J.], 126 AD3d at 791; Matter of Anastasia L.-D. [Ronald D.], 113 AD3d at 687).
The focus of the inquiry required to determine whether derivative neglect has occurred is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the understanding of the duties of caring for the children on the part of the person legally responsible for their care (see Matter of Monica C.M. [Arnold A.], 107 AD3d 996, 997). Since ACS did not demonstrate that the paternal uncle neglected Myiasha in the first instance, the paternal uncle's judgment was not so impaired as to create a substantial risk of harm to Amiya, and Amiya thus was not a derivatively neglected child within the meaning of Family Court Act § 1012(f)(i)(B) (see Matter of Sulayne G. [Sulay J.], 126 AD3d at 792; Matter of Anastasia L.-D.[Ronald D.], 113 AD3d at 687).
In view of the foregoing, we do not reach the paternal uncle's remaining contentions.
MASTRO, A.P.J., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court