Matter of Kayorie S. (Brandy S.) (2023 NY Slip Op 01519)

Matter of Kayorie S. (Brandy S.)

2023 NY Slip Op 01519

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-07711
 (Docket No. N-16936-19)

[*1]In the Matter of Kayorie S. (Anonymous). Administration for Children's Services, petitioner-respondent; Brandy S. (Anonymous), appellant, et al., respondent.

Lewis S. Calderon, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Philip W. Young of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Diane Costanzo, J.), dated September 20, 2021. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated May 18, 2021, made after a fact-finding hearing, finding that the mother neglected the subject child, and after a dispositional hearing, placed the child in the custody of the Commissioner of Social Services of Kings County until completion of the next permanency hearing, and directed that the mother's parental access with the child be supervised.
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child. Following a fact-finding hearing, in an order of fact-finding dated May 18, 2021, the Family Court found that the mother had neglected the child. Following a dispositional hearing, in an order of disposition dated September 20, 2021, the court, inter alia, placed the child in the custody of the Commissioner of Social Services of Kings County until completion of the next permanency hearing, and directed that the mother's parental access with the child be supervised. The mother appeals from the order of disposition. The mother does not contest the finding of neglect. She contends that, following the dispositional hearing, the court should have released the child to her care, or, in the alternative, the court should have ordered unsupervised parental access with the child.
At the dispositional phase of a child protective proceeding, the court must render a determination based upon the best interests of the child (see Family Ct Act § 1052; Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 183; Matter of Brianna L. [Marie A.], 103 AD3d 181, 187). "The factors to be considered in making the determination include the [parent's] [*2]capacity to properly supervise the child, based on current information and the potential threat of future . . . neglect" (Matter of Tereza R. [Jose A.], 199 AD3d 921, 923 [internal quotation marks omitted]; see Matter of Jaheem M. [Cymon M.], 174 AD3d 610, 611). Here, the evidence supports the Family Court's determination that it was in the child's best interests to place the child in the custody of the Commissioner of Social Services of Kings County (see Family Ct Act §§ 1052[a][iii]; 1055[a][i]). The evidence also supports the court's determination that the mother's parental access with the child be supervised, as, among other things, the mother had not seen the child in person for approximately one year, despite the petitioner's efforts to facilitate in-person visits (see Matter of Jolani P. [Parris M.], 188 AD3d 1071, 1073; Matter of Janiyah T. [Lateek C.], 85 AD3d 1041, 1042; Matter of Commissioner of Social Servs. of City of N.Y. v Leona W., 192 AD2d 602, 605).
Accordingly, we affirm the order of disposition insofar as appealed from.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.

2021-07711 DECISION & ORDER ON MOTION
In the Matter of Kayorie S. (Anonymous).
Administration for Children's Services,
petitioner-respondent; Brandy S. (Anonymous),
appellant, et al., respondent.
(Docket No. N-16936-19)

Appeal from an order of disposition of the Family Court, Kings County, dated September 20, 2021. By order to show cause dated August 8, 2022, the parties to the appeal were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated October 31, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeal, it is
ORDERED that the motion to dismiss the appeal is denied.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court