Matter of Nathaniel I. G. (Marilyn A. P.) (2024 NY Slip Op 02535)

Matter of Nathaniel I. G. (Marilyn A. P.)

2024 NY Slip Op 02535

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2023-04838
2023-08023
 (Docket No. N-24957-19)

[*1]In the Matter of Nathaniel I. G. (Anonymous). Administration for Children's Services, respondent; Marilyn A. P. (Anonymous), appellant. 

Richard L. Herzfeld, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Jennifer Lerner of counsel), for respondent.
Children's Law Center, Brooklyn, NY (Louise Feld and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Jacqueline D. Williams, J.), dated January 30, 2023, and (2) an order of disposition of the same court dated July 21, 2023. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the subject child in the custody of the nonrespondent father.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother failed to provide the subject child with proper supervision or guardianship by inflicting excessive corporal punishment on him during an incident in August 2019. After a fact-finding hearing, the Family Court determined that the mother neglected the child by inflicting excessive corporal punishment on him. After a dispositional hearing, the court released the child to the custody of the nonrespondent father without ACS supervision. The mother appeals.
A neglected child includes one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment" (id. § 1012[f][i][B]; see Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Sama A. [Safaa S.], 224 AD3d 677, 678). "The petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Myiasha K.D. [Marcus R.], 193 AD3d 850, 851; see Matter of Nyla S. [Jason B.], 224 AD3d 691, 691). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the [*2]use of excessive corporal punishment constitutes neglect" (Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 910 [internal quotation marks omitted]; see Matter of Tarahji N. [Bryan N.—Divequa C.], 197 AD3d 1317, 1320). "A single incident of excessive corporal punishment may suffice to sustain a finding of neglect" (Matter of Thaddeus R. [Gabrielle V.], 198 AD3d 901, 902 [internal quotation marks omitted]; see Matter of Alexander S. [Gabriel H.], 224 AD3d at 910).
"In neglect proceedings, [u]nsworn out-of-court statements of the [children] may be received and, if properly corroborated, will support a finding of abuse or neglect" (Matter of Mariliz G. [Jamie G.], 207 AD3d 627, 629 [internal quotation marks omitted]). "Corroboration means any other evidence tending to support the reliability of the previous statements" (Matter of Alexander S. [Gabriel H.], 224 AD3d at 909 [internal quotation marks omitted]). "Family Court Judges presented with the issue have considerable discretion to decide whether [a] child's out-of-court statements describing incidents of abuse or neglect have, in fact[ ] been reliably corroborated" (Matter of Mariliz G. [Jamie G.], 207 AD3d at 629 [internal quotation marks omitted]).
Here, the Family Court properly determined that ACS established by a preponderance of the evidence that the mother neglected the child by inflicting excessive corporal punishment on him (see Matter of Sama A. [Safaa S.], 224 AD3d at 678; Matter of Mariliz G. [Jamie G.], 207 AD3d at 629). Deferring to the hearing court's credibility findings, the evidence at the fact-finding hearing established that the mother pushed the child and restricted his breathing, leaving scratches on the child's eyelid and shoulder, which were visible to the ACS caseworker (see Matter of Mariliz G. [Jamie G.], 207 AD3d at 629; Matter of Lea E.P. [Jason J.P.], 176 AD3d 715, 716). Contrary to the mother's contention, the out-of-court statements of the child were sufficiently corroborated by the observations of the ACS caseworker (see Matter of Mariliz G. [Jamie G.], 207 AD3d at 629).
The mother's remaining contentions are either without merit or not properly before this Court.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court