Matter of Isaiah D. (Chinelle D.) (2026 NY Slip Op 01509)

Matter of Isaiah D. (Chinelle D.)

2026 NY Slip Op 01509

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-06416 
2024-06420
 (Docket No. N-7646-23)

[*1]In the Matter of Isaiah D. (Anonymous). Administration for Children's Services, respondent; Chinelle D. (Anonymous), et al. appellants.

Lisa A. Manfro, Glen Cove, NY, for appellant Chinelle D.
Larry S. Bachner, New York, NY, for appellant Renison W.
Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and Eva L. Jerome of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Andrew T. Ford of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother and the father separately appeal from (1) an order of fact-finding of the Family Court, Kings County (Robert D. Hettleman, J.), dated July 2, 2024, and (2) an order of disposition of the same court also dated July 2, 2024. The order of fact-finding, after a fact-finding hearing, found that the mother and father neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, directed the mother and the father to participate in an educational program, support group, therapy, or similar program related to sexual orientation and gender identity.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother and the father neglected the subject child by inflicting excessive corporal punishment on him and refusing to pick him up from a hospital. After fact-finding and dispositional hearings, the Family Court found, inter alia, that the mother and the father neglected the child and directed the mother and the father, among other things, to participate in an educational program, support group, therapy, or similar program related to sexual orientation and gender identity. The mother and the father separately appeal.
The appeal from the order of fact-finding must be dismissed because the order of fact-finding was superseded by the order of disposition. The issues raised on the appeal from the [*2]order of fact-finding are brought up for review on the appeal from the order of disposition (see Matter of Kamaya S. [Zephaniah S.], 218 AD3d 590, 591; Matter of Harmony H. [Welton H.], 148 AD3d 1019, 1019-1020).
"'In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence'" (Matter of Zaniah T. [Deshaun T.], 216 AD3d 1173, 1174, quoting Matter of Mariliz G. [Jamie G.], 207 AD3d 627, 628; see Family Ct Act § 1046[b][i]). "[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Jazlynn K. [Genesis S.], 231 AD3d 952, 954 [internal quotation marks omitted]; see Nicholson v Scoppetta, 3 NY3d 357, 368).
"'[A]lthough parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect'" (Matter of Zaria P. [Sade G.], 240 AD3d 699, 700, quoting Matter of Malik M. [Taishona M.], 236 AD3d 1034, 1036; see Family Ct Act § 1012[f][i][B]). "[A] child's prior out-of-court statements relating to the alleged neglect may serve as the basis for a finding of neglect provided that these hearsay statements are corroborated, so as to ensure their reliability" (Matter of Samynee L. [Tashae T.], 243 AD3d 569, 570 [internal quotation marks omitted]; see Family Ct Act § 1046[a][vi]; Matter of Kyle C. [Daniel C.], 163 AD3d 662, 663). "The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration" (Matter of Veronica M. [Ana M.], 229 AD3d 626, 628; see Matter of Nicole V., 71 NY2d 112, 119). Here, the mother's and the father's version and the child's version of the incident giving rise to the allegations of excessive corporal punishment differed significantly from each other. We note that the statements of the other children who were present in the home at the time of the incident supported the mother's and the father's version of what transpired. The medical evidence also was not dispositive of the issue (see Matter of Kyle C. [Daniel C.], 163 AD3d at 664; Matter of Anastasia L.-D. [Ronald D.], 113 AD3d 685, 687).
While the credibility assessment of a hearing court is accorded considerable deference on appeal, where, as here, the Family Court's credibility determination is not supported by the record, this Court is free to make its own credibility assessments and overturn the determination of the hearing court (see Matter of Jasmine W. [Michael J.], 132 AD3d 774, 775; Matter of Melissa O. [David O.], 73 AD3d 783, 783). Here, contrary to the determination of the court, based on this record, ACS failed to establish by a preponderance of the evidence that the mother and the father neglected the child by the infliction of excessive corporal punishment (see Matter of Myiasha K.D. [Marcus R.], 193 AD3d 850, 851-852; Matter of Sulayne G. [Sulay J.], 126 AD3d 791, 791). Nonetheless, the determination that the mother and the father neglected the child based upon a failure to plan was supported by a preponderance of the evidence in the record, which showed that they refused to pick up the child after the child was discharged from the hospital and had formulated no other plan for his care (see Family Ct Act § 1012[f][i][B]; Matter of Ariel R. [Danielle K.], 118 AD3d 1010; Matter of Nyia L. [Egipcia E.C.], 88 AD3d 882, 883).
The mother's and the father's contentions that the Family Court was biased against them based on their religious views are unpreserved for appellate review. "'A party claiming court bias must preserve an objection and move for the court to recuse itself'" (Matter of Roman v Deceus, 239 AD3d 751, 752, quoting Matter of Freyer v Macruari, 234 AD3d 755, 758). In any event, when a claim of bias is raised, the inquiry on appeal is limited to whether the court's "bias, if any, unjustly affected the result to the detriment of the complaining party" (Matter of Bowe v Bowe, 124 AD3d 645, 646 [internal quotation marks omitted]; see Matter of George A.C. [Anthony C.], 223 AD3d 798, 800). Here, the record demonstrates that the court listened to the testimony, treated the parties fairly, and did not have a predetermined outcome of the case in mind during the hearing (see Matter of Pontillo v Pearce, 243 AD3d 797, 799; Matter of Perlman v Kolodny, 236 AD3d 1038, 1044).
At a dispositional hearing, the Family Court's disposition must be made "solely on the basis of the best interests of the child" with "no presumption that such interests will be promoted by any particular disposition" (Family Ct Act § 631; see Matter of Star Leslie W., 63 NY2d 136, 147-148; Matter of Tyjon R. [Felicia R.], 240 AD3d 702, 704). "'The factors to be considered in making the determination include the parent['s] . . . capacity to properly supervise the child, based on current information and the potential threat of future . . . neglect'" (Matter of Kayorie S. [Brandy S.], 214 AD3d 886, 887, quoting Matter of Tereza R. [Jose A.], 199 AD3d 921, 923). Here, the directive that the mother and the father participate in an educational program, support group, therapy, or similar program regarding sexual orientation and gender identity was in the child's best interests (see Matter of Cruz W. [Jacki W.], 218 AD3d 782, 784; Matter of Jaheem M. [Cymon M.], 174 AD3d 610, 611).
The mother's and the father's remaining contentions either are unpreserved for appellate review or need not be reached in light of our determination.
DUFFY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court